IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Sylvia Delgado, Ramona Cruz, and Theresa King, et al., on behalf of themselves and all others similarly situated,** | § § § § § § § § § § § § § § | |
| **Plaintiffs,** | | |
| v. | | Case No. _____ |
| **EVEREST REAL ESTATE INVESTMENTS, L.L.P. d/b/a/ ICON HOSPITAL** | | |
| **Defendant.** | | |

## CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND

For their Class Action Complaint and Jury Trial Demand, Sylvia Delgado, Ramona Cruz, and Theresa King ("Plaintiffs"), on behalf of themselves and a class of those similarly situated, allege as follows against Everest Real Estate Investment, LLP d/b/a Icon Hospital (hereinafter referred to as "Defendant") by and through their counsel:

## NATURE OF THE ACTION

1.  This is a civil action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 et seq. (the "WARN Act"). The Plaintiffs were employees of the Defendant until they were terminated as part of, or as a result of a mass layoff and/or plant closing ordered by the Defendant. As such, the Defendant is liable under the WARN Act for the failure to provide the Plaintiffs and the other similarly situated former employees at least 60 days' advance written notice of termination, as required by the WARN Act.

1

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

3. The violation of the WARN Act alleged herein occurred in this District and more particularly Houston, Texas. Venue in this Court is proper pursuant to 28 U.S.C § 123 (b)(2).

**THE PARTIES**

4. Upon information and belief, at all relevant times Defendant was a Texas corporation which maintained a facility at 19211 McKay Drive, Humble, Texas 77238 (the "Facility").

5. At all relevant times, Plaintiff Sylvia Delgado was an employee who was employed by Defendant and worked at or reported to the Facility until her termination without cause on or about June 5, 2018.

6. At all relevant times, Plaintiff Ramona Cruz was an employee who was employed by Defendant and worked at or reported to the Facility until her termination without cause on or about June 5, 2018.

7. At all relevant times, Plaintiff Theresa King was an employee who was employed by Defendant and worked at or reported to the Facility until her termination without cause on or about June 5, 2018.

8. Defendant ordered a "mass layoff" and/or "plant closing" at the Facility as defined in 29 U.S.C. §2101(a) commencing in or about April 2018-June 2018.

9. Plaintiffs, together with approximately 60 other employees (the "Other Similarly Situated Employees") who worked at or reported to the Facility were terminated as part of or as a reasonably foreseeable result of a "mass layoff" and or "plant closing" as defined by the

WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

**CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5)**

10. Pursuant to 29 U.S.C. § 2104 (a)(5), the Plaintiffs maintain this action on behalf of themselves and on behalf of each of the Other Similarly Situated Employees.

11. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

12. Defendant was required by the WARN Act to give the Plaintiffs and the Other Similarly Situated Employees at least 60 days advance written notice prior to their terminations.

13. Prior to their terminations, neither the Plaintiffs nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

14. Defendant failed to pay the Plaintiffs and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

**CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)**

15. The Plaintiffs bring this action on their own behalf and, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the other employees who worked at the Facility and were terminated as part of a mass layoff and/or plant closing ordered by the Defendant at the Facility in or about April 2018-June 2018 ("the "Class").

16. The persons in the Class identified above ("Class Members") are so numerous that joinder of all Class Members is impracticable.

17. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

18. The claims of the representative parties are typical of the claims of the Class.

19. The representative parties will fairly and adequately protect the interests of the Class.

20. The Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act litigation, where an individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

22. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether Defendant terminated the employment of the Class Members as part of a mass layoff and/or plant closing without cause on their part and without giving them 60 days advance written notice;

(b) Whether any defenses are available to the Defendant;

(c) Whether Defendant's failure to provide 60 days' notice should render it liable to the Class Members for 60 days' pay and benefits.

## WARN ACT CLAIM

23. At all relevant times, Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate

worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 50 employees at the Facility.

24. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of WARN and 20 C.F.R. § 639.3(a).

25. In or about April 2018-June 2018 and thereafter, the Defendant ordered a mass layoff and/or plant closing at the Facility as defined by 29 U.S.C. § 2101(a).

26. The Plaintiffs and the Class Members who were terminated by Defendant as a result of Defendant ordering a mass layoff and/or plant closing at the Facility in or about April 2018-June 2018 and thereafter were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

27. The mass layoff and/or plant closing at the Facility resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by the WARN Act.

28. The Plaintiffs and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

29. Pursuant to Section 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 et seq., Defendant was required to provide at least 60 days prior written notice of the terminations.

30. Defendant failed to provide at least sixty (60) days prior notice to the Class Members of their terminations.

31. The Defendant failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and

401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

32. As a result of Defendant's failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

## **VACATION CLAIM**

33. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

34. During Plaintiffs' employment with Defendant, Defendant maintained a vacation pay policy whereby employees whose employment was terminated were entitled to pay for unused vacation time accrued to the effective date of termination.

35. Defendant was therefore obligated to pay Plaintiffs in full for their accrued but unused vacation time upon their terminations, but failed to do so.

36. Plaintiffs are therefore entitled to payments for accrued but unused vacation time which was due and owing upon their terminations.

**WHEREFORE**, the Plaintiffs and Class Members demand judgment against the Defendant as follows:

a. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, for sixty (60) working days following the member employee's termination, all determined in accordance with the WARN Act;

b. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiffs and the Class Members constitute a single class;

c. An amount equal to the sum of accrued but unpaid vacation as of their termination dates;

d. Interest as allowed by law on the amounts owed under the preceding paragraphs;

e. Appointment of the undersigned attorneys as Class Counsel;

f. Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation for their services as such,

g. The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6);

h. Such other and further relief as this Court may deem just and proper.

PLAINTIFFS DEMAND TRIAL BY JURY.

Dated: July 17, 2018          Respectfully submitted,

**ARGUELLO LAW FIRM**

BY: */s/ Martin Arguello*
Martin A. Arguello II
SDTX Bar No. 989880
State Bar No. 24064829
1110 Nasa Parkway, Suite 620
Houston, TX 77058
arguello@defyoppression.com
P: 281-884-3960
F: 281-884-3961

**THE GARDNER FIRM, PC**
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street; Suite 103
Mobile, AL 36602
molsen@thegardnerfirm.com
P: (251) 433-8100
F: (251) 433-8181

- And –

**LANKENAU & MILLER, LLP**
Stuart J. Miller (SJM 4276)
132 Nassau Street, Suite 1100
New York, NY 10038
stuart@lankmill.com
P: (212) 581-5005
F: (212) 581-2122

*Attorneys for Plaintiffs*